**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **TRINA TATE**, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| **v.** | ) |
| | )    **Civil Action No. 3:22-cv-45 REP** |
| **EVENTMAKERS-USA, INC., a Virginia** | ) |
| **corporation, d/b/a CVAH PRODUCTIONS** | ) |
| **and/or d/b/a IAH PRODUCTIONS**, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**FOR APPROVAL OF FLSA SETTLEMENT AGREEMENTS**

COME NOW the Plaintiffs, Trina Tate, Brittany Hutchinson and Morgan Hutchinson, with the consent of Defendants EventMakers-USA, Inc. ("EMU"), Lawrence A. Creeger, and Matthew Allan Creeger and Cross-Claim Defendant The BritMor Group, LLC (collectively, the "Parties"), by and through their counsel, and hereby submit this Memorandum in Support of their Joint Motion for Approval of their FLSA Settlement Agreements (the "Settlement Agreement(s)"), fully executed copies of which are attached hereto as **Exhibit A**, reached between the parties to resolve claims brought under both the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and various Virginia state laws.

**I.**    **INTRODUCTION**

In this matter, Plaintiffs and Defendants jointly request that the Court enter an Order that approves the settlements reached between and among the parties in resolution of *bona fide* disputes regarding, *inter alia*, Plaintiffs' entitlement to damages under the FLSA; dismisses all of their claims with prejudice; and retains jurisdiction to enforce the terms of the Settlement Agreement.  The parties to this action have carefully and exhaustively negotiated the resolution

of the various disputed factual and legal issues among them on the terms set forth in the attached Settlement Agreements.

Because FLSA claims, such as those settled and released by Plaintiffs in in this matter, may not be waived or released without Department of Labor or court approval, the parties now seek the Court's approval of the terms of their Settlement Agreements.  *See* 29 U.S.C. § 216(b) and (c); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (accord).  After scrutinizing the Settlement Agreements, the Court will find that they are fair and should be approved because they reflect reasonable compromises of issues actually in dispute; they were reached in an adversarial context in which all parties were represented by competent and experienced counsel; and the totality of the proposed settlement is fair and reasonable.

## II.    PROCEDURAL AND FACTUAL HISTORY

On January 26, 2022, Plaintiffs Trina Tate and her daughters, Brittany Hutchinson and Morgan Hutchinson, filed this action claiming that Defendants were jointly and severally liable for: (1) the payment of unpaid overtime premiums in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. (hereinafter "the FLSA claims"); (2) the payment of wages that were withheld from Plaintiffs Brittany and Morgan Hutchinson in violation of Virginia Code § 40.1-29 (the "State Wage Theft" claims); (3) acts of unlawful retaliation against Plaintiffs Brittany and Morgan Hutchinson in violation of Virginia Code § 40.1-27.3 (the "State Retaliation claims"), and (4) the misclassification of Plaintiffs as independent contractors, rather than employees, in violation of Virginia Code § 40.1-28.7:7 (the "State Misclassification" claims). *See* Dkt. No. 1.

On March 21, 2022, Defendants filed their Answer, denying Plaintiffs' claims and asserting, among other things, that Plaintiffs Brittany and Morgan Hutchinson were not employees of any of the Defendants but rather were employees of The BritMor Group, LLC ("BritMor"). Additionally, Defendants asserted, among other defenses, that the Plaintiffs: were properly compensated for all hours worked; did not work the hours claimed or that certain of their time was not compensable; were paid properly as independent contractors; were seeking recovery for damages beyond the applicable statute of limitations; were exempt from overtime under the FLSA's executive, administrative and/or seasonal amusement exemptions; and/or were not employees of Defendants Lawrence A. Creeger and Matthew A. Creeger. Defendants also asserted that they acted in good faith and that their actions were not willful as a matter of law. *See* Dkt. No. 15.

On or about March 21, 2022, Defendants successfully moved the Court to order the joinder of BritMor as an involuntary defendant in this matter. *See* Dkt. Nos. 16 & 27. Thereafter, on June 10, 2022, Defendants asserted a crossclaim against BritMor for $150,000, an amount allegedly owed to Defendants as a result of BritMor's breach of contract with EMU. *See* Dkt. No. 34. BritMor answered this crossclaim on July 10, 2022, denying liability because *inter alia* the contract alleged by Crossclaim Plaintiffs was invalid and unenforceable; Crossclaim Plaintiffs were estopped by their conduct from claiming the existence of a valid and enforceable contract; Crossclaim Plaintiffs had waived their claims; and/or Crossclaim Plaintiffs breached any purported contract due to their repudiation of it and/or failure to perform according to its terms. *See* Dkt. No. 37.

The Parties served and answered written discovery, and Plaintiffs conducted and adjourned without completing a deposition of EMU under Federal Rule of Civil Procedure

30(b)(6).  Shortly thereafter, on July 18, 2022, U.S. Magistrate Judge Elizabeth Hanes assisted the parties in resolving all of the disputes between and among them.

At the core of their Settlement Agreements, (i) Plaintiff Tate agrees to dismiss her FLSA and State Misclassification claims in exchange for $31,000.00, inclusive of attorneys' fees; (ii) Plaintiffs Brittany and Morgan Hutchinson agree to dismiss their State Wage Theft, Retaliation and Misclassification Claims in exchange for $224,000.00, inclusive of attorneys' fees, and to dismiss their FLSA claims with no monetary value attached; and (iii) Defendants agree to dismiss their breach of contract claim against BritMor with no monetary value attached.

## III.    THE PERTINENT SETTLEMENT TERMS

FLSA claims may be compromised only after the Court reviews and approves a settlement in a private action under 29 U.S.C. § 216(b). If the dismissal contemplated by the parties reflects "a reasonable compromise over issues," the Court may approve it.  *Lynn's Food Stores*, 679 F.2d at 1354; *Minsterman v. S.L. Nusbaum Realty Co.,* 2011 U.S. Dist. LEXIS 156727 at *2-3 (E.D. Va. 2011).

### A.    PLAINTIFF TRINA TATE

According to the damages model Plaintiff Tate would have presented at trial, if she were to prevail on her FLSA claim using a three-year lookback period (applicable only upon on a finding of "willfulness"), her damages would have been as follows:

| FLSA Damages | Trina Tate |
|---|---|
| Overtime 2019-June 2020 | $3,198.94 |
| Liquidated damages for unpaid Overtime | $3,198.94 |
| Overtime June 2020-May 2021 | $371.25 |
| Liquidated damages for unpaid Overtime | $371.25 |

| Total | $7,140.38 |
|-------|-----------|

Plaintiff Tate's entitlement to liquidated damages could have been reduced or eliminated by the Court if Defendants were to prove that their FLSA violations were made in good faith. *See* 29 U.S.C. § 260. If, alternatively, the jury were to agree with Defendants that Plaintiff Tate worked no compensable overtime or was exempt, her recovery would have been zero.

Additionally, Plaintiff Tate asserted a State Misclassification claim pursuant to Virginia Code § 40.1-28.7:7. According to that statute, "[a]n individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify [her] if the employer had knowledge of the individual's misclassification." The statute presumes that Plaintiff Tate was an employee of Defendant EMU until and unless EMU were to prove otherwise under the Internal Revenue Service guidelines. *Id*. Damages for the successful prosecution of a State Misclassification claim include: "any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action." *Id*. Of course, if Defendants were to carry their burden of proving that Plaintiff Tate was an independent contractor under the IRS guidelines, she would be unable to recover damages.

According to the damages model Plaintiff Tate was prepared to present at trial for her State Misclassification Claim, she sought to recover the following damages, plus reasonable attorneys' fees and costs:

| State Misclassification Damages | Trina Tate |
|---|---|
| Lost wages for 2021-2022[1] | $21,621.19 |
| 2019 Employer Taxes on Wages | $2,090.58 |
| 2020 Employer Taxes on Wages | $124.00 |
| 2021 Employer Taxes on Wages | $209.00 |
| **Total** | **$24,044.77** |

If her Settlement Agreement is approved by the Court, Plaintiff Tate will recover a total of $31,000.00, inclusive of attorneys' fees. This is broken down into $9,300.00 in wage damages for both her FLSA and State Misclassification claims; an additional $9,300.00 as liquidated and non-wage damages for the same claims, and $12,400.00 in contingent attorneys' fees, as detailed below. In total, Plaintiff Tate's individual settlement recovery of $18,600.00 represents approximately 60% of her "best day" in court for both of her claims.

### B.    PLAINTIFFS BRITTANY AND MORGAN HUTCHINSON

According to the damages model the Hutchinson Plaintiffs would have presented at trial, if they were to prevail on their FLSA claims over a three-year lookback period (applicable only upon on a finding of "willfulness"), their damages would have been as follows:

| FLSA Overtime Damages | Brittany Hutchinson | Morgan Hutchinson | Totals |
|---|---|---|---|
| Overtime 2019-June 2020 | $49,028.69 | $15,181.66 | $64,210.35 |

---

[1] At trial, Plaintiff Tate would have sought to recover lost wages under her State Misclassification claim based on the theory that Defendants' refusal to treat her as an employee led to significant tax consequences and other financial harms, which in turn led to her resignation and a loss of wages for most of the 2021-22 concert season.

| | | | |
|---|---|---|---|
| Liquidated damages for unpaid Overtime | $49,028.69 | $15,181.66 | $64,210.35 |
| Overtime June 2020-May 2021 | $32,643.06 | $9,977.02 | **$42,620.08** |
| Liquidated damages for unpaid Overtime | $32,643.06 | $9,977.02 | **$42,620.08** |
| **Totals** | **$163,343.50** | **$50,317.36** | **$213,660.86** |

The parties ultimately agreed, however, that there is a *bona fide* legal dispute regarding the application of the FLSA's various exemptions to the Hutchinson Plaintiffs in this matter as well as the overarching issue of whether they were employees of BritMor as opposed to EMU. Consequently, the parties resolved that the Hutchinson Plaintiffs would voluntarily dismiss their FLSA Overtime claims, with prejudice and for no monetary value, as one component of the parties' overall Settlement Agreement.

Were they to prevail at trial on their State Wage Theft, Retaliation and/or Misclassification Claims, the Hutchinson Plaintiffs would have sought to recover the following damages, plus reasonable attorneys' fees and costs:

| Damages | Brittany Hutchinson | Morgan Hutchinson | Totals |
|---|---|---|---|
| Wage Theft (includes 2X Multiplier for liquidated damages) | $27,852.32 | $58,746.54 | **$86,598.86** |
| Retaliation - 1 year back pay | $109,800.00 | $109,800.00 | **$219,600.00** |
| 2019 Employer Taxes on Wages | $9,332.93 | $9,332.93 | **$18,665.86** |
| 2020 Employer Taxes on Wages | $6,705.56 | $6,705.56 | **$13,411.12** |
| 2021 Employer Taxes on Wages | $1,500.00 | $1,500.00 | **$3,000.00** |
| **TOTALS** | **$155,190.81** | **$186,085.03** | **$341,275.84** |

If the Court approves their Settlement Agreement, however, particularly related to their request to dismiss their FLSA Overtime claims, the Hutchinson Plaintiffs will recover $134,400.00 in resolution of their State Wage Theft, Retaliation and Misclassification Claims, plus attorneys' fees and costs, as detailed below.[2]   Thus, the proposed Settlement Agreement would net the Hutchinson Plaintiffs approximately 40% of their likely "best day" in court on their state law claims.

C.    **ATTORNEYS' FEES AND COSTS**

1. **CONTINGENCY FEES**

Based upon a percentage-of-recovery fee arrangement between Plaintiffs and their counsel, and as detailed in their Settlement Agreements, Plaintiff Tate's attorneys' fees in this matter are $12,400.00, and the Hutchinson Plaintiffs' fees, which are attributable only to their State Wage Theft, Retaliation and Misclassification Claims, are $89,600.00.   In other FLSA common fund cases, a fee award determined by percentage has been preferred over the lodestar method. *Hatzey v. Divurgent, LLC*, 2018 U.S. Dist. LEXIS 187007, at *14-15 (E.D. Va. Oct. 9, 2018); *Savani v. URS Prof'l Sols. LLC*, 121 F. Supp. 3d 564, 568 (D.S.C. 2015) ("Within this Circuit, the percentage-of-recovery approach is not only permitted, but is the preferred approach to determine attorney's fees.); *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 758 (S.D.W. Va. 2009) ("The percentage method has overwhelmingly become the preferred method for calculating attorneys' fees in common fund cases.").

By way of comparison, had Plaintiffs sought to recover their fees on an hourly rate basis, the following calculations would apply:

---

[2] The Court need not review the parties' resolution of the Hutchinson Plaintiffs' state law claims; thus, the lodestar recovery for those claims is not addressed in detail in this memorandum.

| Timekeeper | Hourly Rate | Total Hours | Total |
|---|---|---|---|
| Nichole Buck Vanderslice | $400 | 83.6 | $33,440.00 |
| Blackwell Shelley | $500 | 134.5 | $67,250.00 |
| Liz Stewart (Paralegal) | $125 | 39.1 | $4,887.50 |
| **Total Legal Fees** | | | **$105,577.50** |

2.   **COSTS**

Additionally, to date, counsel have incurred out of pocket costs for filing fees, service of process and research costs, copying and production costs, and court reporter costs in the following amounts:

| Firm | Costs Advanced |
|---|---|
| Law Office of Nichole Buck Vanderslice, PLLC | $0.00 |
| Shelley Cupp Schulte, P.C. | $1,226.75 |
| **Total** | **$1,226.75** |

In this matter, Plaintiffs' counsel have worked together to represent all three Plaintiffs, spending considerable time completing research, discovery, document review, part of one deposition, motions practice, trial preparation and an all-day mediation.  Together, counsel's fees and costs to date total $106,804.25, which is consonant with and roughly equal to counsel's joint contingent fee recovery of $102,000.00 under the terms of the Settlement Agreement.

D.   **SUMMARY**

The above settlement amounts and allocations and the included attorneys' fees and costs were reviewed and approved by each Plaintiff and reflect a fair compromise of *bona fide* disputes, including mitigation of the risk of losing at trial and recovering nothing.  As stated above, Plaintiff Tate's settlement represents 60% of her maximum recovery for her FLSA Overtime and State Misclassification claims. The Hutchinson Plaintiffs have agreed to forego

9

their FLSA Overtime damages recovery in light of the uncertainty of success of this portion of their claims. With respect to their other state law claims, the Hutchinson Plaintiffs will recover approximately 40% of the maximum amount of damages they could possibly have recovered at trial.

Given the uncertainties of the various claims at issue in this case, Plaintiffs' counsel represent that the total recovery to Plaintiffs and their counsel for fees and costs reflects a fair compromise of a *bona fide* dispute under the FLSA. Plaintiffs each have reviewed, authorized, and accepted the overall terms of the settlement and the recovery amounts reflected above.

## IV.    THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE ACTION WITH PREJUDICE

The Court should approve Plaintiffs' Settlement Agreements and dismiss this action with prejudice because the parties' settlement is the product of contested litigation, the parties are represented by competent and experienced counsel, and the Settlement Agreements reflect a reasonable compromise over disputed issues. Most importantly, the Settlement Agreements' provisions are fair and reasonable in light of the disputed issues.

The Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement. As a result, most courts rely on the factors discussed in the Eleventh Circuit's decision in *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). According to the Eleventh Circuit, when reviewing a proposed FLSA settlement, the district court should "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. In applying this analysis, the district court should examine four factors:

1.    Was the settlement achieved in an adversarial context?

2.    Was the Plaintiff represented by attorneys who can protect his rights?

> 3.    Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
>
> 4.    Is the settlement fair?

*Id.* at 1353-54.

The Settlement Agreements currently before the Court satisfy each of these factors. The settlements were negotiated at arm's length following seven months of litigation that included written discovery, significant document production and one partial corporate deposition. Each of the parties was represented by counsel experienced in FLSA litigation who protected the rights of their respective clients during the negotiations. The settlements reflect a reasonable compromise of *bona fide* disputes between and among the parties regarding both questions of liability and the damages amounts alleged under the FLSA and various state laws.

Further, the parties agree that the settlement is fair, just and adequate to settle their claims. Additionally, counsel's joint support for the Settlement Agreements is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.,* No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at * 14 (S.D. Tex. May 7, 2008). Here, the parties' counsel are fully aware of the factual contentions of their clients and are in the best position to opine as to whether this settlement produces fair results after consideration of all of the risks. Plaintiffs' counsel have concluded that settlement with the Defendants on the terms set forth in the Settlement Agreements is fair, reasonable, adequate, and in the best interests of their clients.

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, and those that may be articulated at a hearing in support of the parties' Joint Motion, the parties respectfully request that this Court approve the

Settlement Agreements in this matter. The parties further request that, should the Court approve the Settlement Agreements, it also enter an order dismissing this action with prejudice, while maintaining jurisdiction to enforce the terms of the settlement.

Respectfully submitted this 5th day of August 2022.

PLAINTIFFS                                      DEFENDANTS


*/s/ Nichole Buck Vanderslice*                  /s/ *Robyn H. Hansen*
Nichole Buck Vanderslice (VSB No. 42637)        Robyn H. Hansen (VSB No. 23134)
LAW OFFICE OF NICHOLE BUCK                       Brian G. Muse (VSB No. 47218)
VANDERSLICE, PLLC                               SANDS ANDERSON PC
9019 Forest Hill Avenue, Suite 2C               263 McLaws Circle, Suite 205
Richmond, VA 23235                              Williamsburg, VA 23185
Telephone: 804.272.2920                         Telephone: (757) 208-0301
Email: *nvanderslice@nbvlaw.com*                Facsimile: (757) 378-5409
                                                E-mail: *bmuse@sandsanderson.com*
and                                             E-mail: *rhansen@sandsanderson.com*


*/s/ Blackwell N. Shelley, Jr.*                 *Counsel for Defendants*
Blackwell N. Shelley, Jr. (VSB No. 28142)
SHELLEY CUPP SCHULTE, P.C.
3 W. Cary St.
Richmond, Virginia 23220
Tel: (804) 644-9700
Fax: (804) 278-9634
Email: *shelley@scs.law*


*Counsel for Plaintiffs and Defendant The*
*BritMor Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing by electronic mail to the following counsel of record:

Brian G. Muse (VSB No. 47218)
Robyn H. Hansen (VSB No. 23134)
SANDS ANDERSON PC
263 McLaws Circle, Suite 205
Williamsburg, VA 23185
Telephone: (757) 208-0301
Facsimile: (757) 378-5409
E-mail: *bmuse@sandsanderson.com*
E-mail: *rhansen@sandsanderson.com*

*Counsel for Defendants*

Blackwell N. Shelley, Jr. (VSB No. 28142)
SHELLEY CUPP SCHULTE, P.C.
3 W. Cary St.
Richmond, Virginia 23220
Tel: (804) 644-9700
Fax: (804) 278-9634
Email: *shelley@scs.law*

*Counsel for Plaintiffs and Defendant The BritMor Group, LLC*


By: ___/s/ NICHOLE BUCK VANDERSLICE
Nichole Buck Vanderslice (VSB #42637)
Email: *nvanderslice@nbvlaw.com*
LAW OFFICE OF NBVANDERSLICE, PLLC
9019 Forest Hill Avenue, Suite 2C
Richmond, VA 23235
Telephone: 804.272.2920
*Counsel for Plaintiffs*